ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| AMARILIS GONZÁLEZ GARCÍA<br><br>Parte Peticionaria<br><br>v.<br><br>JUAN BALCELLS GALLARRETA<br><br>Parte Recurrida | KLCE202500519 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.: GB2024CV01021<br><br>Sala: 703<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Compareció ante este Tribunal la parte peticionaria, la Sra. Amarilis González García (en adelante, la "señora González" o "Peticionaria"), mediante recurso de *Certiorari* presentado el 12 de mayo de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (en adelante, el "TPI"), el 11 de abril de 2025.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* ante nos.

**I.**

El 17 de noviembre de 2024, la señora González presentó una "**Demanda**" sobre liquidación de comunidad de bienes post ganancial contra el Sr. Juan Balcells Gallarreta (en adelante, el "señor Balcells" o "Recurrido"). En lo pertinente, alegó una falta de pago de una deuda por concepto de pensión alimentaria establecida a favor de los hijos procreados entre las partes, ascendente a $125,000.00 más el interés legal, sin incluir las cantidades que se debieron pagar y acumular hasta los 21 años para ambos hijos habidos en el matrimonio. Igualmente, acumuló una causa de

acción por daños y perjuicios presuntamente ocasionados por el Recurrido, a consecuencia de lo siguiente: (1) obstrucción con el proceso de liquidación en el año 2007; (2) haber evadido pagos de pensión; y (3) la radicación de procedimiento de quiebras en la jurisdicción federal.

Luego de varios trámites procesales impertinentes a la controversia que nos ocupa, el 27 de febrero de 2025, el Recurrido presentó una "**Moción de Desestimación**".[1] Sostuvo que la Peticionaria no tenía legitimación activa para solicitar el pago por concepto de las pensiones alimentarias presuntamente adeudadas y no pagadas, pues los hijos procreados por ambas partes ya eran mayores de edad y les correspondía a ellos efectuar dicha reclamación. Del mismo modo, arguyó que la solicitud de la señora González de daños y perjuicios por la presentación del procedimiento de quiebra por parte del señor Balcells era ilegal bajo el Código de Quiebras, pues pretendía que el TPI le concediera una indemnización por el hecho de este haber utilizado el derecho que la ley federal le confiere.

Así las cosas, el 31 de marzo de 2025, la Peticionaria presentó "**Moción Informando Presentación de Demanda Enmendada [de conformidad con la Regla 13.1**" y una "**Demanda Enmendada**". Por medio de esta última, la señora González acumuló como demandantes a los dos (2) hijos procreados entre las partes de epígrafe, a saber: el Sr. Juan Francisco Balcells González y la Sra. Alexandra Balcells González, de 28 y 30 años de edad, respectivamente. También incluyó la reclamación de sus hijos mayores de edad de las pensiones de alimentos alegadamente adeudadas y no pagadas.[2] En esa misma fecha, el TPI emitió una *Orden* y le solicitó al Recurrido presentar su posición respecto a la "**Demanda Enmendada**". Asimismo, el 2 de abril de 2025, la Peticionaria presentó una "**Moción de Reconsideración**" y solicitó al foro recurrido retractarse de la *Orden* que requería al Recurrido exponer su posición sobre la aludida enmienda.

---

[1] A pesar de que la Parte Peticionaria no incluyó en el apéndice de este recurso de certiorari la "**Moción de Desestimación**" presentada por la parte Recurrida, pudimos examinarla a través del expediente electrónico del caso en "SUMAC", entrada número cuatro (4).
[2] *Véase*, Apéndice del recurso de *certiorari*, págs. 3 y 9.

En resumen, argumentó que el Recurrido presentó una "**Moción de Desestimación**" y no una alegación responsiva, por lo que solicitar la postura de este era contrario a lo dispuesto en la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1. El TPI declaró "No Ha Lugar" la "**Moción de Reconsideración**" mediante una primera *Resolución Interlocutoria*. Particularmente expresó:

> No Ha Lugar. La parte demandante ha presentado demanda enmendada para incluir partes y causas de acción que nada tienen que ver en una demanda de liquidación de sociedad legal de gananciales. Una vez se reciba la posición de la parte demandada, el tribunal determinará si permitirá tal acumulación de partes y causas de acción.[3]

Posteriormente, el 10 de abril de 2025, el señor Balcells presentó su posición mediante "**Oposición del Demandado a "Moción Informando Presentación (sic) Demanda Enmendada""**". Planteó, entre otras cosas, que la presentación de la "**Demanda Enmendada**" se trataba de una intervención de personas realizada sin la solicitud previa requerida por las Reglas de Procedimiento Civil. El 11 de abril de 2025, el TPI emitió una segunda *Resolución Interlocutoria* en la que expresó lo siguiente:

> Evaluadas las posiciones de las partes, este tribunal concluye no permitir la Demanda Enmendada que incorpora a los hijos mayores de edad de las partes para reclamar la pensión alimentaria alegadamente adeudada por su padre. Esa causa de acción lo que haría es entorpecer y dilatar los procedimientos en el caso de liquidación de la extinta sociedad legal de gananciales de las partes.[4]

Inconforme, la Peticionaria presentó el recurso de *certiorari* que nos ocupa mediante el cual le imputó al TPI la comisión de los siguientes errores:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR A LA PARTE DEMANDADA A EXPONER POSICIÓN EN CUANTO A LA DEMANDA ENMENDADA QUE NO REQUERÍA PERMISO DEL TRIBUNAL, CUANDO A ESA FECHA LA PARTE DEMANDADA NO HABÍA CONTESTADO LA DEMANDA ORIGINAL PRESENTADA.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR A LA PRESENTACIÓN DE LA DEMANDA ENMENDADA CUANDO NO REQUERÍA PERMISO DEL TRIBUNAL LO CUAL CONSTITUYE UNA VIOLACIÓN A LA GARANTÍA CONSTITUCIONAL DEL DEBIDO PROCESO DE LEY E IGUAL PROTECCIÓN DE LAS LEYES AL AMPARO DE LA SECCIÓN 7 DEL ART. II DE LA CONSTITUCIÓN DEL**

---

[3] *Véase*, Apéndice del recurso de *certiorari*, pág. 32.
[4] *Véase*, Apéndice del recurso de *certiorari*, pág. 1.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA ENMIENDA XIV DE LA CONSTITUCIÓN DE ESTADOS UNIDOS.**

El 22 de mayo de 2025, el Recurrido presentó su "**Memorando en Oposición a la Expedición del Auto de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). "[L]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 209 (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, *supra*.

Dentro de este marco, el análisis del foro apelativo intermedio -al momento de considerar los asuntos planteados mediante el recurso de *certiorari*- no se efectúa en el vacío ni se aparta de otros parámetros. Rivera *et al.* v. Arcos Dorados *et al.*, *supra*, pág. 209; 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020). Las delimitaciones que imponen estas disposiciones reglamentarias tienen como objetivo intrínseco prevenir la "dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". Mun. Caguas v. JRO Construction, Inc.*,* 201 DPR 703, 712 (2019). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009).

En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores-Jiménez v. Colberg, 173 DPR 843, 865 (2008).

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Resolución Interlocutoria* recurrida, toda vez que el TPI denegó la presentación de la "**Demanda Enmendada**". En resumen, entiende que erró el foro de instancia al requerirle al Recurrido su postura sobre la "**Demanda Enmendada**" y al denegar la presentación de la misma. Ambos errores están basados en el mismo argumento, a saber: que no necesitaba la autorización del Tribunal para presentar la "**Demanda Enmendada**", pues el Recurrido sólo había presentado hasta ese momento una "**Moción de Desestimación**" y no una alegación responsiva.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el foro a *quo* no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco la Peticionaria demostró que el TPI actuó con perjuicio o cometiera un error manifiesto en su determinación.

En este caso, el Recurrido presentó una "**Moción de Desestimación**" luego de la presentación de la "**Demanda**" original. En la referida moción, este último alegó, en lo pertinente, que la señora González no tenía legitimación activa para reclamar el pago por concepto de pensiones alimentarias alegadamente adeudadas y no pagadas por el

Recurrido, pues los hijos procreados por las partes ya son mayores de edad y les corresponde a ellos hacer tal reclamación. También argumentó que la reclamación que hace la Peticionaria de daños por el proceso de quiebra presentado por este es ilegal. Es a partir de la presentación de la referida moción que la señora González presentó su "**Demanda Enmendada**" e incluyó como partes demandantes a sus hijos mayores de edad para reclamar la pensión alimentaria alegadamente adeudada. Es decir, la Peticionaria acumula en la "**Demanda Enmendada**" una causa de acción que no tiene correlación alguna con la acción original de liquidación de comunidad de bienes y que, ciertamente, dilataría los procedimientos innecesariamente cuando existen remedios en ley aparte para que los hijos mayores de edad puedan reclamar las presuntas pensiones adeudadas, si es que así lo desean.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Resolución Interlocutoria* recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y lo manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones